## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GEORGIO PEARSON,

                Plaintiff,

vs.

JACQUELYN DIANE GILLIAM
and;

THE UNITED STATES OF AMERICA,

                Defendants.

Case No:   19-                    -CV
Hon.

_____/

DANIEL G. ROMANO (P49117)
ROMANO LAW, PLLC
Attorneys for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, MI 48069
(248) 750-0270

_____/

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

## COMPLAINT

***There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.***

    NOW COMES the above named Plaintiff, GEORGIO PEARSON, by and through his attorneys, ROMANO LAW, PLLC and complaining against the above-named Defendant, states as follows:

## INTRODUCTION

    1.    This action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b), 2671-2680 and 28 U.S.C. § 1331.

2.      That the Plaintiff, GEORGIO PEARSON, ("PLAINTIFF"),  at all times material hereto, was a resident of the City of Detroit, County of Wayne, State of Michigan, and the United States of America.

3.      That Plaintiff filed an administrative claim with the U.S. Department of Justice-Drug Enforcement Administration on or about December 03, 2017, as required by 28 U.S.C. § 2675(a).

4.      No offer has been extended on this matter.

5.      That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) or is otherwise within the jurisdiction of this court.

6.      Venue is proper under 28 U.S.C. § 1402(b) because the motor vehicle accident, which is the subject of this complaint, occurred in this judicial district.

## COUNT I
## CLAIM FOR RELIEF

7.      That on or about November 17, 2016, PLAINTIFF, was a passenger in a vehicle lawfully driving on East Outer Drive, near the intersection of Ryan Road, in the City of Detroit, County of Wayne, State of Michigan.

8.      That at the aforementioned time and place, a vehicle owned by the Defendant, THE UNITED STATES OF AMERICA, Drug Enforcement Administration, was being operated by Jacquelyn Diane Gilliam, with the express and implied consent and knowledge of its owner, THE UNITED STATES OF AMERICA, and that Jacquelyn Diane Gilliam was in the course and scope of her employment with THE UNITED STATES OF AMERICA, and the Drug Enforcement Administration.

2

9. Jacquelyn Diane Gilliam, was operating the Drug Enforcement Administration vehicle on Ryan Road at or near the intersection of East Outer Drive, when she negligently and unlawfully failed to yield and collided with PLAINTIFF'S vehicle causing severe and permanent injuries and damages to PLAINTIFF.

10. At that time and place, Jacquelyn Diane Gilliam, and THE UNITED STATES OF AMERICA, owed the Plaintiff, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of the City of Detroit.

11. That Jacquelyn Diane Gilliam did then and there display negligence and misconduct by failing to yield and collided with Plaintiff, who was traveling eastbound on Outer Drive.

12. That at the said time and place, Jacquelyn Diane Gilliam, acting within the course and scope of her employment with THE UNITED STATES OF AMERICA, and the Drug Enforcement Administration, was guilty of negligence and misconduct as follows:

A. In driving at an excessive rate of speed, under the conditions then and there existing;

B. In driving a motor vehicle upon the highway in a careless, reckless and wanton manner in total disregard of the rights and safety of others lawfully upon the highway;

C. In failing to keep a reasonable lookout for other persons and vehicles using said highway;

D. In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

E. In failing to drive with due care and caution;

F.      In failing to take all possible precautions to avoid any collision with other motor vehicles; and

G.      In failing to make and/or renew observations of the conditions of traffic on the highway.

H.      In failing to maintain a proper lookout and   in otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to Plaintiff.

I.      In failing to yield the right of way to the Plaintiff's vehicle which was proceeding properly through the intersection.

J.      In failing to properly stop for and observe a stop sign posted at said intersection in violation of statutes and ordinances.

K.      In entering an intersection before seeing that such movement could be made in safety.

L.      In other ways that may become known through discovery.

13.     That Jacquelyn Diane Gilliam was further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of the City of Detroit.

14.     That among those Michigan statutes Jacquelyn Diane Gilliam and Defendant THE UNITED STATES OF AMERICA violated are:

| M.C.L. | 257.401 | Owner liability; |
|---|---|---|
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.627 | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 691.1405 | Government owned vehicles; liability for negligent operation; |

4

15.     That as a proximate cause of the negligence of Defendant THE UNITED STATES OF AMERICA, through its driver, Jacquelyn Diane Gilliam, PLAINTIFF was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows: pain to his neck, back, head, left knee, and left ring finger, including disc herniation and bulging in his back, and other parts of his body, externally and internally, and some or all of which interferes with his enjoyment of life and caused PLAINTIFF great pain and suffering.

16.     That as a proximate result of said injuries, PLAINTIFF, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life and may require psychiatric treatment, and more generally became sick and disabled, and some or all of said injuries, as set forth herein, may be permanent in nature.

17.     That should it be determined at the time of trial that PLAINTIFF was suffering from any pre-existing conditions at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

18.     That PLAINTIFF has had to incur expenses for hospital, doctor, domestic and other miscellaneous expenses and will incur more such expenses in the future.

WHEREFORE, PLAINTIFF now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT II

NOW COMES the Plaintiff, GEORGIO PEARSON, and adds a Count II as follows:

5

19.     PLAINTIFF hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-18.

20.     PLAINTIFF hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

21.     PLAINTIFF hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, the Plaintiff, GEORGIO PEARSON, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

Respectfully submitted,

ROMANO LAW, PLLC

By: */s/ Daniel G. Romano*
    DANIEL G. ROMANO (P49117)
    Attorneys for Plaintiff
    23880 Woodward Avenue
    Pleasant Ridge, MI 48069
Dated: February 14, 2019          (248) 750-0270

6